CHIEF JUSTICE GRAY,
dissenting.
¶125 I join Justice Nelson’s dissent on Issue III and would reverse and remand for a new trial on that basis. Like Justice Nelson, it is my view that, if the Court reached the correct result on this issue, there would be no need to address the others. Because various views on Issues I and II are offered by others, I will do so as well, but only briefly.
¶126 On Issue I, I would not adopt the forfeiture by wrongdoing exception to the hearsay rules for the reasons expressed by Justice Nelson. This is a matter best considered on a case-by-case basis, at least until such time as we have sufficient experience with the doctrine here in Montana to consider it more knowledgeably.
¶127 On Issue II, I join Justice Rice’s analysis of whether Aleasha’s note is testimonial. I would conclude it is not testimonial, for the reasons so cogently stated by Justice Rice. I also believe Aleasha’s lack of fear or concern through the course of events which occurred in this case-that is, the several threats and going out to Sanchez’s vehicle on the very day she was killed-buttresses that analysis.
¶128 Moreover, I have grave concerns about the forfeiture by wrongdoing doctrine in certain cases. In this regard, I agree with Justice Nelson that forfeiture by wrongdoing should not apply in a deliberate homicide case involving the defense of justifiable use of force (that is, self-defense). It also is my view, however, that the doctrine is *286 not applicable in this case where the defense of mitigated deliberate homicide is asserted.
¶129 I understand full well the notion and maxim that no one should benefit by his or her wrong. Indeed, that maxim underlies many legal subject areas, including fraudulent inducement in entering-and tortious interference with-a contract, and most other situations in which a party comes to a court without clean hands. It may well be that forfeiture by wrongdoing should apply as well in certain criminal cases, but I would not apply it here.
¶130 A bedrock principle of criminal law in this country is the constitutional right to confront one’s accusers. Another is the requirement that the prosecution prove its case beyond a reasonable doubt. Another-perhaps the most-bedrock principle of criminal law is the presumption of innocence. It is difficult for me to embrace the notion that an “equitable” basis such as forfeiture by wrongdoing can sweep away one’s constitutional confrontation rights. Indeed, it strikes me that-in a case such as this where the defense is to admit that the offense was committed but to offer the defense of mitigation-the opportunity to reasonably present the defense is effectively trumped by the admission of evidence that repeatedly highlights the wrongdoing. Thus, while the Court is correct, ¶ 47, that it is the purposeful causing of the death of another which prevents the ability to exercise the right to confront the deceased, the purposeful death was not committed for the purpose of avoiding the confrontation. Stated differently, had there been a homicide for the purpose of preventing the victim from testifying or assisting in a criminal prosecution, I would agree that forfeiture by wrongdoing properly would apply; other factual situations might also support application of the doctrine. I cannot join the Court in applying it here.
¶131 I would reverse and remand for a new trial on prosecutorial misconduct in this cause number.